United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODOLFO VELASQUEZ, | No. C 10-01641 SI |
| Plaintiff, | **ORDER GRANTING MOTION TO DISMISS** |
| v. | |
| CHASE HOME FINANCE LLC, and FANNIE MAE, | |
| Defendants.                           / | |

Currently before the Court is defendants' motion to dismiss plaintiff's First Amended Complaint. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument and hereby VACATES the hearing. Having considered the papers submitted, and for the reasons discussed below, the Court GRANTS defendants' motion to dismiss, with limited leave to amend. **The Case Management Conference scheduled for 2:30 p.m. on Friday, August 13, 2010 remains on calendar**.

**BACKGROUND**

**1.    Procedural Background**

Plaintiff Rodolfo Velasquez filed this action, pro se, against defendants Chase Home Finance LLC and Federal National Mortgage Association ("Fannie Mae") on April 16, 2010.[1] On May 12, 2010, defendants filed a motion to dismiss the complaint, to which plaintiff filed no opposition. On June 14,

---

[1] Plaintiff first filed an action, also pro se, against Chase Home Finance on June 1, 2009, Case No. C 09-2409 WHA. On August 19, 2009, that case was dismissed pursuant to plaintiff's request to withdraw his complaint.

1 2010, plaintiff filed a First Amended Complaint ("FAC"). On June 21, 2010, this Court denied as moot defendants' motion to dismiss plaintiff's original complaint and granted plaintiff leave to file the FAC. Now before the Court is defendants' motion to dismiss the FAC.

Plaintiff's FAC alleges fourteen causes of action against defendants including discrimination, an action to quiet title, conspiracy to defraud, fraudulent concealment, breach of fiduciary duty, fraudulent misrepresentation, foreclosure proceedings in violation of California Civil Code § 2923.5, breach of contract, unlawful business practices, rescission, and a violation of the Real Estate Settlement Procedures Act ("RESPA"). FAC ¶¶ 29-99.

## 2.     Factual Background

This action concerns the property located at 426 Idora Avenue, Vallejo, California 94591. Plaintiff alleges the following facts: plaintiff purchased the home in 1989 and Fannie Mae is currently, and has been for some time, the home loan investor for this property. FAC ¶¶ 2, 3. In the first quarter of 2010, the property was appraised for $60,000, but plaintiff's home loan had a balance of $173,000. FAC ¶ 4. On May 24, 2008, plaintiff "was separated from his employment" with the United States Postal Service after having worked there for 25 years, and then began to collect unemployment. Plaintiff was reassigned to a job position with the Postal Service that he was physically unable to do and was terminated on October 19, 2009. *Id.* ¶ 5.

Plaintiff does not state when he contacted defendants to request a reduction the amount of his loan, but alleges that on May 27, 2009, defendants informed plaintiff that they would not reduce the remaining loan balance of $173,000 to reflect the existing value of the property. *Id.* ¶ 6. Defendants then gave plaintiff the option of selling the property in a short sale for which plaintiff would be required to find a buyer. Plaintiff found a buyer willing to pay $50,000, but who was unwilling to pay the $70,000 counteroffer from defendants. *Id.* ¶¶ 7-8. Plaintiff is seeking, among other things, that defendants' counteroffer be made available to him in the form of a reduction of his loan to $70,000. *Id.* ¶ 9. Plaintiff also seeks rescission of the existing loan contract or the reduction of the current loan contract. FAC at 21-22.

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). While courts do not require "heightened fact pleading of specifics," *Twombly*, 550 U.S. at 544, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555. Plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Id.*

In deciding whether the plaintiff has stated a claim upon which relief can be granted, the Court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *St. Clare v. Gilead Scis., Inc. (In re Gilead Scis. Sec. Litig.)*, 536 F.3d 1049, 1055 (9th Cir. 2008).

If the Court dismisses the complaint, it must then decide whether to grant leave to amend. The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal quotation marks omitted).

**DISCUSSION**

**1.      Plaintiff's Arguments Regarding His Loan Modification Request**

In his Opposition, plaintiff argues that defendants' motion to dismiss should be denied because on July 13, 2010, plaintiff returned a completed loan modification package to defendants. Plaintiff argues that if his loan is modified, defendants' motion to dismiss will be moot and suggests that the case should be placed in a "settlement status" until defendants decide whether to grant plaintiff a loan

1 modification. Oppo. at 6. As there is no guarantee that defendants will offer plaintiff a loan
2 modification proposal, much less one that is acceptable to and feasible for plaintiff, the Court will
3 proceed to rule on the merits of defendants' motion to dismiss.

### 2. Cause of Action for Loan Reduction

Plaintiff's first cause of action is for "loan reduction." Plaintiff alleges defendants refused to honor his request for a loan reduction, and requests that his loan be modified or in the alternative that the loan agreement between plaintiff and defendants be rescinded. As an initial matter, loan reduction is a potential form of relief, but not a cause of action.

However, if plaintiff is seeking "reformation" of the loan, plaintiff fails to state a claim. Under California law, in order to state a claim for reformation of a contract, a party needs to plead facts showing that there was fraudulent conduct or a mistake when the parties entered into the contract. Cal. Civ. Code § 3399. Here, plaintiff has not alleged any facts regarding fraud by Chase Manhattan Mortgage Company, the party who issued the loan, at the time the contract was signed. *See* Defendants' Request for Judicial Notice ("Defendants' RJN"), Ex. 1.[2] Plaintiff does not allege that there was a mistake at the time the parties entered into the loan. Instead, plaintiff complains about the amount of the loan in light of the subsequent decrease in the value of his home, which occurred well after the parties entered the loan. Plaintiff therefore fails to plead a claim for reformation of the loan contract.

Similarly, to the extent plaintiff is seeking to rescind the loan, he has failed to state a claim. Under California law, a contract may be rescinded if the consent of the party entering the contract was obtained through mistake, or obtained through duress, menace, fraud, or undue influence. Cal. Civ. Code § 1689. As explained above, plaintiff has failed to allege any facts to support a claim that there

---

[2] Defendants have requested that the Court take judicial notice of the following public records: the deed of trust, the notice of default, the substitution of trustee, and notice of trustee's sale, as well as a copy of Judge Alsup's Order dismissing plaintiff's prior case. The Court GRANTS defendants' request for judicial notice of these public records. [Docket No. 11]. Plaintiff has also asked the Court to take judicial notice of plaintiff's application for a loan modification, the deed of trust, the notice of trustee's sale, a copy of a form authorizing a short sale, and the substitution of trustee. [Docket No. 13]. The Court GRANTS plaintiff's request for judicial notice of the public records, but DENIES the request for the non-public documents (application for loan modification and authorization form), because they are not subject to notice under Rule 201(b) of the Federal Rules of Evidence.

4

was mistake or fraud at the time the loan was entered into, and there are likewise no facts indicating that Chase Manhattan Mortgage Corporation placed plaintiff under duress, menace or undue influence in an attempt to get plaintiff to enter into the loan.

Moreover, in order to effect a rescission, plaintiff must be able to "restore" to the other party everything of value which plaintiff has received. Cal. Civ. Code § 1691(b). Plaintiff has not alleged, and the facts regarding his financial condition would seem to contradict, an ability to pay back the full amount of the loan, which would be due upon rescission.

As plaintiff cannot state a claim for loan reduction and has failed to allege facts necessary to state a claim for reformation or rescission of contract, defendants' motion to dismiss plaintiff's first cause of action is GRANTED. Plaintiff is given leave to amend to allege, if he can, facts demonstrating that there was "fraud or mistake" when the parties entered into the loan contract, or that the contract was obtained through mistake, duress, menace, fraud or undue influence. Any amended complaint is due on or before August 27, 2010.

### 3.     **Cause of Action for Discrimination Against Homeowner**

Plaintiff's second cause of action is based on allegations that defendants discriminated against him by offering to sell the property in a short sale for $70,000, while denying his request to reduce his loan amount to $70,000. FAC ¶¶ 37-38. Plaintiff does not, however, state any legal theory under which this sort of discrimination is actionable, nor does he allege any facts showing that he was treated any differently from other people who are in his same situation. Defendant's motion to dismiss this claim is GRANTED without leave to amend.

### 4.     **Cause of Action for Quiet Title**

In his claim for quiet title, plaintiff alleges defendants do not have any "title, interest or estate in Plaintiff's property" because defendants are not the holders of the promissory note or deed of trust. FAC ¶ 48. Plaintiff also states his interest is adverse to that of defendants Chase Home Finance and Fannie Mae. *Id.*

To establish a claim for quiet title, plaintiff must file a verified complaint that alleges: (a) a

5

1 description of the property; (b) plaintiff's title as to which a determination is sought; (c) the adverse 2 claims to the title; (d) the date as to which the determination is sought; and (e) a prayer for the 3 determination of title. Cal. Code of Civ. Proc. § 761.020. Here, plaintiff fails to explain the grounds 4 on which his claim is based, as required section 761.020(c), other than an allegation that defendants are 5 not the holders in due course of the promissory note or deed of trust for the property. FAC ¶ 48. As 6 defendants point out, plaintiff does not allege any facts to challenge the validity of the deed of trust. *See* 7 Defendants' RJN at 1. Moreover, plaintiff has not alleged that either defendant Chase Home Financing 8 (which services the loan) or Fannie Mae has any interest in the property adverse to plaintiff. As 9 defendants point out, the public records regarding the property do not show that either defendant has 10 a recorded interest in the property.

11 Finally, plaintiff is required to allege the tender of the proceeds of the loan at the pleading stage, 12 which he has not done. *See Kelley v. Mortgage Electronic Registration,* 642 F. Supp. 2d 1048, 1057 13 (N.D. Cal. 2009) ("Plaintiffs have not alleged . . . that they have satisfied their obligation under the Deed 14 of Trust. As such, they have not stated a claim to quiet title."); *see also Distor v. US Bank, NA*, Case No. 15 09-02086 SI, 2009 U.S. Dist. LEXIS 98361, *16 (N.D. Cal. Oct. 22, 2009) ("plaintiff has no basis to 16 quiet title without first discharging her debt, and . . . she has not alleged that she has done so and is 17 therefore the rightful owner of the property").

18 Accordingly, plaintiff's cause of action for quiet title is DISMISSED, with leave to amend to 19 allege, if he can, the necessary elements of a quiet title action. Any amended complaint must be filed 20 no later than August 27, 2010.

21

22 **5.    Cause of Action for Conspiracy**

23 Plaintiff alleges that defendants conspired to create a real estate bubble that would affect plaintiff 24 and that defendants failed to inform plaintiff that the value of his home was at risk. FAC ¶ 52. 25 However, a conspiracy is not an independent cause of action, but is instead "a legal doctrine that 26 imposes liability on persons who, although not actually committing a tort themselves, share with the 27 immediate tortfeasors a common plan or design in its perpetration." *Applied Equip. Corp. v. Litton Saudi* 28 *Arabia Ltd.*, 7 Cal. 4th 503, 510-11 (1994). Liability for civil conspiracy generally requires three

6

elements: (1) formation of a conspiracy (an agreement to commit wrongful acts); (2) operation of a conspiracy (commission of the wrongful acts); and (3) damage resulting from operation of a conspiracy. *Id.* at 511. A civil conspiracy is therefore activated by the commission of an underlying wrongful act. *Id.*

As an initial matter, plaintiff's bare allegation that defendants conspired to create a real estate bubble is insufficient. Plaintiff must allege facts showing the role each defendant allegedly played in the conspiracy, which he has not done. Moreover, plaintiff has failed to allege facts supporting his argument that defendants' failure to warn plaintiff that the value of his home was at risk in light of the alleged real estate bubble was illegal or tortious. As a general rule, "a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." *Nymark v. Heart Fed. Savings & Loan Assn.*, 231 Cal. App. 3d 1089, 1096 (1991). Plaintiff fails to cite any facts that establish that either defendant had any special knowledge about the housing market that they were required to disclose to plaintiff as a result of their roles in securing or administering plaintiff's mortgage.

As such, plaintiff fails to state a claim and his fourth cause of action for conspiracy is DISMISSED with leave to amend to allege, if he can, the necessary elements of a civil conspiracy, including facts demonstrating defendants' agreement to commit wrongful acts, defendants' commission of those acts and the damage caused to him thereby. Any amended complaint must be filed no later than August 27, 2010.

**6.     Causes of Action for Fraudulent Concealment and Fraudulent Misrepresentation**

Plaintiff's fifth cause of action alleges that defendants concealed material facts from plaintiff so that plaintiff would believe that his investment in real estate was a secure investment. FAC ¶ 56, 58. Plaintiff's eighth cause of action alleges that defendants fraudulently misrepresented facts regarding the existing loan balance on the property and the property itself. *Id.* ¶ 68. Defendants initially argue that plaintiff's fraud claims are barred by the applicable three year statute of limitations. Cal. Code Civ. Proc. § 338(d). Public records regarding plaintiff's mortgage and property demonstrate the that loan at issue was entered into in November of 2003. Defendants' RJN, Ex. 1. Therefore, defendants argue

7

that the statute of limitations expired in November 2006. However, the three year statute of limitations for fraud does not begin to run until plaintiff discovers the fraud. Cal. Code Civ. Proc. § 338(d). Therefore, in amending his complaint, plaintiff must allege facts showing when he discovered that the alleged fraud occurred.

Moreover, claims based upon fraud must meet the heightened pleadings standards of Federal Rule of Civil Procedure 9(b). Rule 9(b) requires allegations that state with particularity the circumstances constituting fraud. Plaintiff must be able to allege the "'who, what, when, where, and how' of the misconduct" he asserts took place. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (quoting *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997)). This requires alleging "'more than the neutral facts necessary to identify the transaction. The plaintiff must set forth what is false or misleading about a statement, and why it is false.'" *Id.* (quoting *In re GlenFed., Inc. Sec. Lit*., 42 F.3d 1541, 1548 (9th Cir. 1994)). Further, where several defendants are alleged to have committed fraud, plaintiff must inform each defendant separately of the allegations surrounding his alleged participation in the fraud. *Swartz v. KPMG LLP*, 476 F.3d 756, 764-765 (9th Cir. 2007).

Here, plaintiff's fraud claims do not meet the heightened Rule 9(b) pleading standard. With respect to fraudulent concealment, plaintiff alleges only that defendants concealed material facts to make plaintiff believe his real estate investment was secure and did not inform plaintiff that the real estate bubble was about to explode. FAC ¶ 56. Plaintiff does not allege when the concealment took place or when each of the defendants allegedly knew that the real estate bubble was about to burst. As noted above, the public records show that the loan at issue was entered into in November 2003. Plaintiff's complaint, however, fails to allege any facts as to why, as of that date, each defendant knew or was in a position to disclose that plaintiff's real estate investment was not secure or that the real estate bubble was about to burst.

Plaintiff also fails to meet this heightened pleading standard with respect to his fraudulent misrepresentation claim. Plaintiff generally alleges that Chase made numerous representations to plaintiff regarding the "existing loan balance on the subjected property and the property as well," in addition to accusing plaintiff of failing to make monthly payments on the loan. FAC ¶ 67. Plaintiff fails, however, to identify the exact fraudulent statements, when these statements were made, by whom,

8

and why each of the statements was false or otherwise fraudulent.

Plaintiff's fifth and eighth causes of action for fraudulent concealment and fraudulent misrepresentation, respectively, are DISMISSED with leave to amend to allege, if he can, the necessary elements of fraud and fraudulent concealment claims. Any amended complaint must be filed no later than August 27, 2010.

### 7.     Cause of Action for Breach of Fiduciary Duty

Plaintiff alleges that defendants breached a fiduciary duty owed to plaintiff by not disclosing to plaintiff that the approval of risky investments on sub-prime loans would in the future create a decrease in his property value. FAC ¶ 60. Plaintiff, however, fails to state a claim for a breach of a fiduciary duty. As noted above, a commercial lender is entitled to pursue its own economic interests in a loan transaction, and therefore generally does not owe a fiduciary duty to its borrowers. *Nymark,* 231 Cal. App. 3d at 1096. Plaintiff has not alleged facts suggesting defendants stepped beyond the traditional role of a money lender or servicer, and therefore, has not sufficiently pled a claim for breach of fiduciary duty. Plaintiff's sixth cause of action for breach of fiduciary duty is DISMISSED with leave to amend to allege, if he can, the necessary elements of a breach of fiduciary duty claim. Any amended complaint must be filed no later than August 27, 2010.

### 8.     Cause of Action for Damages

Plaintiff states he "will not claim damages if Defendants agreed to reduce the existing loan from the existing balance of [$]160,208.73 to $70,000 to meet the existing property value." FAC ¶ 64. Damages, however, are a form of remedy and a claim for damages cannot be a stand-alone cause of action. Plaintiff's seventh cause of action for damages is DISMISSED without leave to amend.

### 9.     Causes of Action for Wrongful Attempts to Foreclose and Breach of the Implied Covenant of Good Faith and Fair Dealing

Plaintiff's ninth cause of action is based on defendants' wrongful attempts to foreclose on his

property.[3] Plaintiff alleges that he is protected under California Civil Code sections 2923.5 and 2924, and appears to argue that defendants have not complied with California Civil Code section 2923.5 prior to starting foreclosure proceedings.[4] FAC ¶¶ 73-74. Plaintiff's tenth cause of action, although called breach of the implied covenant of good faith and fair dealing, is also based on allegations that defendants violated the requirements of section 2923.5. FAC ¶ 79.

Section 2923.5 requires mortgagees, trustees, beneficiaries, or authorized agents to contact homeowners by phone and explore options to avoid foreclosure prior to filing a notice of default, which starts the foreclosure process. Taking these claims together, plaintiff alleges that defendants were required to, but refused to: (1) evaluate plaintiff's financial condition regarding foreclosure avoidance; (2) advise plaintiff of his statutory right to meet with defendants about foreclosure avoidance measures; and (3) inform plaintiff of the toll-free telephone number made available by the United States Department of Housing and Urban Development (HUD) to find a HUD-certified housing counseling agency. FAC ¶¶ 73, 74, 79.

As an initial matter, allegations earlier in the complaint contradict the claims made here that defendants failed to evaluate plaintiff's financial affairs to avoid foreclosure and failed to advise plaintiff of his right to discuss foreclosure avoidance measures. In paragraphs 7 through 9, plaintiff describes how defendants discussed plaintiff's financial situation with him and discussed options other than foreclosure, as the parties attempted to negotiate a short sale. *See* FAC ¶¶ 7-9. Moreover, attached to the notice of default recorded in February 2009, is a declaration of compliance with section 2923.5. Defendants' RJN, Ex. 2, pg.3.

Plaintiff should recognize if he chooses to reallege this claim that section 2923.5 does not require defendants to offer him a loan modification, but simply requires them to discuss options to avoid

---

[3] Defendants' arguments as to whether there has been a foreclosure and whether any such foreclosure was proper, *see* Oppo. at 14-15, do not need to be addressed as plaintiff's claim appears to be only for wrongful attempts to foreclose.

[4] If plaintiff is also arguing that defendants violated Civil Code section 2924, there are no allegations in the FAC as to how defendants violated the procedures for issuing, or the required content of, a notice of default. If plaintiff chooses to allege a violation of section 2924, he must explain specifically how the notice of default at issue in this case was procedurally or substantively defective under section 2924.

foreclosure. Section 2923.5 also does not require an in-person meeting, but only a discussion on the telephone. Finally, as a California Court of Appeal just held, the only relief from a claim for violation of section 2923.5 is "a simple postponement of the foreclosure sale, nothing more." *Mabry v. Superior Court*, 185 Cal. App. 4th 208, 214 (2010).

Plaintiff's ninth and tenth causes of action – construed to allege a violation of section 2923.5 – are DISMISSED with leave to amend to allege, if he can, the necessary elements of a violation of section 2923.5. Any amended complaint must be filed no later than August 27, 2010.[5]

**10.     Cause of Action for Unfair Competition**

Plaintiff's eleventh cause of action is brought under California's Unfair Competition Law, Cal. Bus & Prof. Code § 17200, *et seq* ("UCL") which prohibits any "unlawful, unfair, or fraudulent business act." Plaintiff alleges defendants' acts were unlawful under the UCL as violations of California Civil Code sections 2923.5 and 2924 as well as being fraudulent. FAC ¶ 82. Defendants argue first, that plaintiff has no standing to bring a UCL claim because he fails to allege that he lost money or property as a result of defendants' unfair conduct.[6] The Court agrees that plaintiff's allegation that he has suffered "damages and harm" as a result of defendants' conduct is insufficient. Plaintiff must specifically explain in his amended complaint how he has lost "money or property" as a result of defendants' conduct.

Defendants also argue that plaintiff's "unlawful conduct" claims under the UCL must be dismissed because, as discussed above, plaintiff has failed to state a claim under sections 2923.5 and

---

[5] As plaintiff cannot allege a violation of the implied covenant based on a statutory provision, *see e.g.*, *Tsien v. Wells Fargo Home Mortg.*, Case No. 09-04790 SI, 2010 U.S. Dist. LEXIS 52804, * 18-19 (N.D. Cal. May 28, 2010), the Court construed plaintiff's tenth cause of action to plead a violation of section 2923.5. If plaintiff intended to state a claim for breach of the implied covenant of good faith and fair dealing based on provisions in the promissory note or deed of trust, plaintiff must allege facts showing that plaintiff did all or substantially all of the things the contract required him to do and identify specifically which benefits of the contract defendants allegedly interfered with. *Id.* at * 17-18 (dismissing breach of covenant claim where plaintiffs failed to explain how they had not received the benefits of the mortgage loan they entered into).

[6] Examples of loss of money or property sufficient to confer standing under the UCL include allegations of damage to a consumer's credit score, or payment of extra money as a result of defendant's conduct. *See, e.g.*, *Rubio v. Capital One Bank*, 2010 U.S. App. LEXIS 14968, * 19-20 (9th Cir. July 21, 2010).

2924, or on his fraud-based claims. The Court agrees. Accordingly, plaintiff's eleventh cause of action is DISMISSED with leave to amend to allege, if he can, the necessary elements of a UCL claim. Any amended complaint must be filed no later than August 27, 2010.

### 11.  Cause of Action for Injunctive and Declaratory Relief

Defendants moves to dismiss plaintiff's twelfth cause of action for injunctive relief and declaratory relief. A request for injunctive relief is not an independent cause of action and this claim is, therefore, DISMISSED without leave to amend. *See Shell Oil Co. v. Richter*, 52 Cal. App. 2d 164, 168 (1942). Plaintiff's claim for declaratory relief is based on plaintiff's other substantive claims, all of which have failed to state a claim. If plaintiff amends the complaint, he may reallege a claim for declaratory relief. Accordingly, plaintiff's twelfth cause of action is DISMISSED with leave to amend. Any amended complaint must be filed no later than August 27, 2010.

### 12.  Cause of Action for Rescission Under the Truth in Lending Act

In his thirteenth cause of action, plaintiff seeks rescission of the home loan agreement based on defendants' fraud, concealment, and other unspecified "failures" pursuant to 15 U.S.C. § 1635, the Truth in Lending Act ("TILA"). FAC ¶ 93, 94. Defendants argue that plaintiff's claim for rescission fails because it is time-barred by TILA's three year statute of limitations. *See* 15 U.S.C. § 1635(f). The loan was executed on or about November 7, 2003 (*see* Defendants RJN, Ex. 1) and the TILA rescission claims were not alleged until June 14, 2010, with the filing of the FAC. TILA's three year statute of limitations "is a statute of repose, depriving the courts of subject matter jurisdiction when a § 1635 claim is brought outside the three-year limitation period." *Miguel v. Country Funding Corp*, 309 F.3d 1161, 1164 (9th Cir. 2002). Plaintiff's TILA claim, therefore, has been filed too late.

Plaintiff's claim for rescission under TILA is DISMISSED without leave to amend.[7]

---

[7] Defendants also argue that even if the rescission claims were timely, plaintiff has failed to allege an ability to tender the principal of the loans, minus appropriate interest and fees. *See* 15 U.S.C. § 1635(b); 12 C.F.R. § 226.23(d); *Yamamoto v. Bank of N.Y.*, 329 F.3d 1167, 1171-72 (9th Cir. 2003). Plaintiff's opposition does not respond to this argument. As the TILA claim is time-barred, the Court need not address this contention.

12

**13.    Cause of Action Under the Real Estate Settlement Procedures Act**

In his fourteenth cause of action, plaintiff alleges defendants violated the Real Estate Settlement Procedures Act ("RESPA"). Plaintiff does not state how defendants violated RESPA, or claim violations under specific sections of the statute, but instead alleges defendants conspired to ruin the lives of thousands Americans by foreclosing on their homes. FAC ¶ 97. Defendants argue correctly that "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. FDIC,* 139 F.3d 696, 699 (9th Cir. 1998). While plaintiff cites some of the disclosure duties imposed by RESPA in his opposition brief, Oppo. at 18, plaintiff fails to specifically allege which of the required disclosures he did not receive. *Id*. Plaintiff cannot cite the statute and state that he did not "fully" receive all of the required disclosures. Plaintiff must, at a minimum, identify the specific disclosures he did not receive in order to state a claim under RESPA.

Plaintiff's fourteenth cause of action for violation of RESPA is DISMISSED with leave to amend. Any amended complaint must be filed no later than August 27, 2010.

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby GRANTS defendants' motion to dismiss with leave to amend in part.[8] **Any amended complaint must be filed no later than August 27, 2010.**

**IT IS SO ORDERED.**

Dated: August 11, 2010

SUSAN ILLSTON
United States District Judge

---

[8] In light of the Court's ruling on the motion to dismiss, the Court does not reach defendants' alternative request for a more definite statement under Federal Rule of Civil Procedure 12(e).