IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODOLFO VELASQUEZ,<br><br>        Plaintiff,<br><br>  v.<br><br>CHASE HOME FINANCE LLC, FANNIE MAE,<br><br>        Defendants.<br>                                             / | No. C 10-01641 SI<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION** |

On August 12, 2010, the Court granted defendants' motion to dismiss plaintiff's First Amended Complaint. The Court granted plaintiff leave to amend his complaint with respect to most of plaintiff's claims, but dismissed plaintiff's claim for "discrimination against homeowner" with prejudice. The Court did not give Mr. Velasquez leave to amend the discrimination claim because the facts asserted – that defendants offered to sell his home in a short sale for $70,000, but defendants refused to reduce plaintiff's loan amount to $70,000 – could not state a claim for "discrimination."

On August 19, 2010, plaintiff filed a motion for reconsideration of the dismissal of his discrimination claim.[1] On September 3, 2010, defendants filed a opposition to that motion for reconsideration. On September 14, 2010, plaintiff filed a reply in support of his motion for reconsideration.

In the motion for reconsideration, plaintiff again argues that his claim of discrimination is based

---

[1] Under this Court's local rules plaintiff is not allowed to file a motion for reconsideration without permission of the Court. *See* Civ. Local Rule 7-9. Moreover, Mr. Velasquez does not cite new evidence or case law in support of his motion, or show that the Court misunderstood the facts that his claim for discrimination was based on. Nonetheless, as Mr. Velasquez is proceeding *pro se*, the Court will review his motion for reconsideration on the merits.

on defendants' refusal to make the property at issue available to Mr. Velasquez through a $70,000 mortgage when defendants were willing to conduct a short sale of the home for $70,000 to Salvador Meza. *Compare* FAC ¶¶ 36-43 *with* Motion for Reconsideration at 4:16-20. Plaintiff relies on the Fair Housing Act's ("FHA," 42 U.S.C. § 3601) prohibition of discrimination in the sale, rental or advertising of property. Plaintiff also relies on the Equal Credit Opportunity Act ("ECOA," 15 U.S.C. § 1691 *et seq*.) which prohibits discrimination based on race or color, religion, national origin, sex, marital status, age, and disability. *See* Motion at 4-5; Reply at 3-5.

However, the fact that defendants were willing to sell the house in a short sale for $70,000 – which would result in cash-in-hand to defendants and avoid the need for future litigation or negotiations with plaintiff – and the fact that defendants are not willing to give Mr. Velasquez a $70,000 mortgage on his home – which would represent a substantial reduction in the principal he currently owes – cannot support a claim for discrimination. Plaintiff does not allege any facts that would support a claim that defendants discriminated against him on any of the bases prohibited by the FHA or ECOA, *e.g.*, national origin, sex, marital status, etc. Mr. Velasquez does not allege any facts that show that defendants' policy or practice of refusing to grant principal reductions of the nature and amount sought by plaintiff, has a disparate impact on any protected group that Mr. Velasquez is a member of. In sum, that defendants were willing to take a short sale on the property at issue, but were not willing reduce Mr. Velasquez's mortgage principal from $162,000 to $70,000, *cannot* state a claim for discrimination under the FHA or ECOA as a matter of law.

For the foregoing reasons, plaintiff's motion for reconsideration is DENIED.

**IT IS SO ORDERED.**

Dated: September 14, 2010

SUSAN ILLSTON
United States District Judge