IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODOLFO VELASQUEZ, | No. C 10-01641 SI |
| Plaintiff, | **ORDER GRANTING MOTION TO DISMISS SECOND AMENDED COMPLAINT** |
| v. | |
| CHASE HOME FINANCE LLC, and FANNIE MAE, | |
| Defendants. | |

Currently before the Court is defendants' motion to dismiss plaintiff's Second Amended Complaint, which is set to be heard on January 14, 2011. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument and hereby VACATES the hearing. Having considered the papers submitted, and for the reasons discussed below, the Court GRANTS defendants' motion to dismiss WITH PREJUDICE.

**BACKGROUND**

Plaintiff Rodolfo Velasquez filed this action, pro se, against defendants Chase Home Finance LLC and Federal National Mortgage Association ("Fannie Mae") on April 16, 2010.[1] Plaintiff alleges that he has a balance of $173,000 on his home mortgage loan, but the value of his home in Vallejo, California is only $60,000. SAC ¶¶ 3, 4. His causes of action seek to force defendants to offer plaintiff a loan reduction or loan modification and to prevent foreclosure on his property. *See* generally SAC.

---

[1] Plaintiff first filed an action, also pro se, against Chase Home Finance on June 1, 2009. Case No. C 09-2409 WHA. On August 19, 2009, that case was dismissed pursuant to plaintiff's request to withdraw his complaint.

1  On June 14, 2010, plaintiff filed a First Amended Complaint ("FAC"). Defendants moved to dismiss
2  the FAC, and on August 12, 2010, the Court granted defendants' motion. The Court dismissed every
3  claim presented, but granted plaintiff leave to amend the following claims: (1) to reform or rescind the
4  loan; (2) to quiet title; (3) for conspiracy; (4) for fraudulent concealment and misrepresentation; (5) for
5  breach of fiduciary duty; (6) for wrongful attempts to foreclose and breach of the covenant good faith
6  and fair dealing; (7) for unfair business practices; (8) for declaratory relief; and (9) for violation of the
7  Real Estate Settlement Procedures Act (RESPA). The Court provided specific guidance to plaintiff on
8  what was missing from his prior complaint and identified the types of facts that needed to be alleged in
9  order to state claims for relief.

10  Plaintiff filed his Second Amended Complaint (SAC) on August 26, 2010. Defendants now
11  move to dismiss that amended complaint, arguing that plaintiff has failed to cure the defects identified
12  in the Court's August 12, 2010 Order. Plaintiff spends most of his Opposition arguing that he is entitled
13  to a loan modification from defendants, but fails to address the deficiencies identified by the Court in
14  his FAC or show that the deficiencies can be cured by further amendment. For example, plaintiff's main
15  argument is that his second request for a loan modification should not have been denied by Chase
16  because plaintiff has sufficient income to qualify for a modification from Chase. *See, e.g.,* Opposition
17  at 3. In the alternative, plaintiff argues that defendants should give him a loan modification because
18  they were responsible for the creation of the mortgage crisis. *Id.* These arguments, however, are
19  irrelevant to whether plaintiff has stated a claim in his SAC.[2] As discussed below, plaintiff's SAC
20  continues to fail to state any claim as a matter of law and is, therefore, DISMISSED WITH
21  PREJUDICE.

---

[2] Defendants object to the Court's consideration of exhibits submitted in support of plaintiff's Opposition, specifically a social security statement, rental contracts, and news articles. *See* Reply at 2. The Court agrees that these exhibits are not subject to judicial notice or otherwise appropriate for consideration on this motion to dismiss. However, the Court has reviewed the exhibits and even if the contents could be considered, they would not alter the Court's conclusion that plaintiff has not stated a claim as a matter of law. Further, nothing in the exhibits indicate that plaintiff could further amend his complaint to state a claim for relief on the facts and legal theories alleged.

**United States District Court**
For the Northern District of California

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). While courts do not require "heightened fact pleading of specifics," *Twombly*, 550 U.S. at 544, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555. Plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Id.*

In deciding whether the plaintiff has stated a claim upon which relief can be granted, the Court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *St. Clare v. Gilead Scis., Inc. (In re Gilead Scis. Sec. Litig.)*, 536 F.3d 1049, 1055 (9th Cir. 2008).

If the Court dismisses the complaint, it must then decide whether to grant leave to amend. The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal quotation marks omitted).

**DISCUSSION**

**1.    Cause of Action for "Loan Reduction"**

In his SAC, plaintiff continues to argue that Chase should not have refused to give him a loan reduction and requests that the Court modify his loan or, in the alternative, rescind the loan. In the prior Order, the Court explained that "loan reduction" is a potential form of relief, but not a cause of action. August 12, 2010 Order at 4-5. To the extent that plaintiff was attempting to allege a claim for

3

"reformation" of the loan under Cal. Civ. Code section 3399 or to rescind the loan under Cal. Civ. Code section 1689, the Court explained that plaintiff would need to allege specific facts showing that he entered into his loan in 2003 as a result of fraud, mistake, duress, menace or undue influence. *See* Defendants' RJN, Ex. 1.[3]

Plaintiff, however, fails to allege any facts in his complaint that Chase induced plaintiff to enter into the mortgage loan in 2003 by fraud, mistake, duress, menace or undue influence. Plaintiff instead simply reiterates his theory that defendants' unspecified acts created the mortgage crisis that wiped out the value of his home and, as a result, he is entitled to loan reduction. Accordingly, plaintiff's First Cause of Action is DISMISSED WITH PREJUDICE.

.

**2.      Cause of Action for Quiet Title**

In the prior Order, the Court advised plaintiff that in order to state a claim for quiet title under Cal. Code of Civ. Proc. section 761.020, he needed to allege specific facts showing that Chase was not the holder in due course of his promissory note or deed of trust, allege facts to challenge the validity of the deed of trust, allege facts showing that defendants have interests in the property that are adverse to plaintiff, and allege that plaintiff has satisfied his obligations under the deed of trust. Order at 5-6. Plaintiff has not alleged any of these facts in his SAC. Accordingly, plaintiff's Third Cause of Action is DISMISSED WITH PREJUDICE.

**3.      Cause of Action for Conspiracy**

In the prior Order, the Court advised plaintiff that in order to state a claim for conspiracy under California law, he needed to allege facts showing the role each defendant played in creating the "real estate bubble" that allegedly led to the devaluation of his home as well as facts showing that defendants had specific information about the housing market in 2003 – when plaintiff secured his mortgage loan

---

[3] In moving to dismiss the SAC, defendants ask the Court to take judicial notice of a copy of the Deed of Trust for plaintiff's property, a February 2009 notice of default and election, a March 2009 substitution of trustee, a May 2009 notice of trustee's sale, and a copy of the August 2009 Order of Judge Alsup dismissing plaintiff's prior case against Chase. [Docket No. 35]. The Court GRANTS defendants' request for judicial notice of these public records.

4

– that they were required to disclose to plaintiff as a result of their roles in securing or servicing plaintiff's mortgage. Order at 6-7. Plaintiff has not alleged any of these facts in his SAC.[4] Accordingly, plaintiff's Fourth Cause of Action is DISMISSED WITH PREJUDICE.

### 4. Causes of Action for Fraudulent Concealment and Fraudulent Misrepresentation

In the prior Order, the Court advised plaintiff that in order to state a claim for concealment, he needed to allege facts showing that in 2003 each defendant knew or was in a position to disclose that plaintiff's real estate investment was not secure. For his misrepresentation claim, the Court explained that plaintiff needed to identify the exact fraudulent statements made by each defendant, when these statements were made, by whom, and why each of the statements was false or otherwise fraudulent. Order at 7-9. Plaintiff has not alleged any of these facts in his SAC, and instead attempts to rely on the fact that – well after 2003 – numerous state Attorneys General have investigated the mortgage lending and servicing practices of financial institutions. *See* Opposition at 11. Plaintiff's generalized allegations of post-2003 wrongdoing by unidentified institutions are insufficient as a matter of law to state claims of concealment and misrepresentation. Accordingly, plaintiff's Fifth and Eighth Causes of Action are DISMISSED WITH PREJUDICE.

### 5. Cause of Action for Breach of Fiduciary Duty

In the prior Order, the Court explained that plaintiff needed to allege facts showing that defendants stepped beyond the traditional role of a money lender or mortgage servicer and, thereby, created a special fiduciary duty to plaintiff. Order at 9. Plaintiff has not alleged any facts in his SAC that defendants made special representations or promises to plaintiff that placed them beyond their traditional roles. Accordingly, plaintiff's Sixth Cause of Action is DISMISSED WITH PREJUDICE.

---

[4] In his Opposition, plaintiff argues that the Court should allow discovery so plaintiff can discover facts to support his conspiracy allegations. However, under rule 9(b) plaintiff must allege particular facts supporting his conspiracy allegations in order to survive a motion to dismiss before he can seek discovery.

5

#### 6. Causes of Action for Wrongful Attempts to Foreclose and Breach of the Implied Covenant of Good Faith and Fair Dealing

In the prior Order, the Court explained that plaintiff needed to allege facts showing that defendants have not complied with California Civil Code section 2923.5. Order at 9-11. As noted, Section 2923.5 requires mortgagees, trustees, beneficiaries, or authorized agents to contact homeowners by phone and explore options to avoid foreclosure prior to filing a notice of default. *Id*. at 10. The Court noted that section 2923.5 does not require defendants to offer plaintiff a loan modification but simply requires them to discuss options to avoid foreclosure, and that the only relief for violation of Section 2923.5 is a postponement of the foreclosure sale. *Id*. at 10-11.

Here, in light of the discussions plaintiff admits he had with Chase about loan modification and loan payment assistance, plaintiff's own admissions show that defendants have substantially complied with Section 2923.5.[5] Plaintiff and Chase have repeatedly conferred about potential solutions in advance of foreclosure and the foreclosure has been delayed to allow for resolution of those requests.[6] In his Opposition, plaintiff alleges that he is entitled to a loan modification or reduction because he earns sufficient income to qualify for Chase's program. Opposition at 12. However, the fact that Chase has refused to provide plaintiff with a loan modification or reduction does not, without much more detailed factual allegations, create a "wrongful foreclosure" action. Plaintiff fails to provide any legal support for the proposition that, given the facts alleged in his complaint, Chase *must* provide him with a loan modification under California or Federal law.[7] Plaintiff's own admissions show that Chase has

---

[5] *See, e.g.*, Plaintiff's Opposition to Motion to Dismiss at 3 ("Defendant informed the Plaintiff that he did not qualify for the loan modification however leaving him vulnerable for foreclosing of his property scheduled for January 21, 2011."); Plaintiff's Request for Judicial Notice in Opposition to Motion to Dismiss at 1 & Ex. thereto (letter from defendant regarding plaintiff's request for mortgage loan payment assistance). Plaintiff's Request for Judicial Notice regarding his application for loan payment assistance [Docket No. 55 ] is GRANTED for the limited purpose of noticing plaintiff's own admissions.

[6] *See, e.g.*, Emergency Request for Reconsideration of TRO [Docket No. 47] at 2 (noting that the foreclosure sale had been postponed until January 21, 2011 to allow for resolution of plaintiff's requests for loan modification).

[7] In his Opposition plaintiff repeatedly asserts that he is entitled to a loan modification under the federal Home Affordable Mortgage Program (HAMP). Plaintiff does not, however, allege that defendants have failed to comply with HAMP's mandatory requirements to evaluate him for a loan modification. Instead, plaintiff complains that he was not given a loan modification under HAMP

discussed loan modification options with plaintiff and repeatedly evaluated him for the same. As such, plaintiff's Ninth and Tenth causes of action – construed to allege a violation of section 2923.5 – are DISMISSED WITH PREJUDICE.[8]

### 7. Cause of Action for Unfair Competition

In the prior Order, the Court explained that for his "unfair" claim under the Unfair Competition Law (UCL), plaintiff needed to allege facts showing that he lost "money or property" as a result of defendants' conduct. The Court also dismissed plaintiff's "unlawful conduct" claim under the UCL because plaintiff's other causes of action failed as a matter of law. Order at 11-12. Plaintiff has not alleged any facts showing how he has lost money or property in his SAC and, as discussed above and below, plaintiff's SAC fails to state a cause of action under any of his other theories. Therefore, plaintiff's Seventh Cause of Action is DISMISSED WITH PREJUDICE.

### 8. Cause of Action for Declaratory Relief

In the prior Order, the Court explained that plaintiff's claim for declaratory relief is necessarily based on plaintiff's other claims, all of which failed to state a claim. As discussed above and below, plaintiff's SAC still fails to state any viable cause of action. Accordingly, plaintiff's Twelfth cause of action is DISMISSED WITH PREJUDICE.

### 9. Cause of Action Under the Real Estate Settlement Procedures Act

In the prior Order, the Court explained that in order to state a claim under RESPA, plaintiff must

---

because Chase determined he did not have sufficient income from rents collected on his other property to qualify. *See* Opposition at 3, 13, 15-16. That allegation, however, does not state a claim for violation of HAMP or for wrongful foreclosure.

[8] Plaintiff's SAC also alleged he is in a protected class under the Rehabilitation Act of 1973 and the American with Disabilities Act. SAC ¶ 73. Plaintiff does not provide facts showing that he has a disability to bring him within the protection of those Acts, and even assuming he did, how those Acts would prevent foreclosure. Finally, in his Opposition, plaintiff alleges that because his Deed of Trust was entered into with Chase Manhattan Corporation, defendant Chase Home Finance LLC does not have the power to foreclose on his property. Opposition at 13-14. This issue, however, was addressed in Chase's opposition to plaintiff's motion for a TRO, where Chase explained that Chase Home Finance LLC is the successor in interest to Chase Home Mortgage. *See* Docket No. 45 at 3.

7

specifically allege which of the required disclosures mandated by RESPA he did not receive. *Id*. Plaintiff has not done so in his SAC. There are *no* allegations in his SAC identifying what disclosures mandated by RESPA were not provided to plaintiff, only a generalized allegation that plaintiff "is certain that Chase violated RESPA." SAC ¶ 103. That is insufficient as a matter of law and, accordingly, plaintiff's Fourteenth cause of action is DISMISSED WITH PREJUDICE.

**CONCLUSION**

Plaintiff has been given multiple opportunities, and specific directions on how, to amend his complaint to allege facts sufficient to support his causes of action. Plaintiff has been unable to do so. Therefore, for the foregoing reasons and for good cause shown, the Court GRANTS defendants' motion to dismiss WITH PREJUDICE.

**IT IS SO ORDERED.**

Dated: January 10, 2011

SUSAN ILLSTON
United States District Judge